STAUBER. *v.* ELLETT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORD.
    Error in refusing to strike evidence cannot be reviewed where
       no exception to the ruling appears in the record.

2. PLEADING—DEFENSE—NOTICE—SUFFICIENCY.
    A notice of fraud relied upon as a defense against a bond ex-
       amined, and *held*, insufficient as failing to set forth the facts
       relied upon as provided by Circuit Court Rule 7 *c*.

3. BONDS—CONSIDERATION.
    Where a contract and the bond for its faithful performance are
       entered into as nearly contemporaneously as parties residing
       in different States can do by correspondence, a claim that the
       bond is without consideration because bearing date two days
       later than the contract is not well founded.

Error to St. Joseph; Yaple, J. Submitted February
16, 1905. (Docket No. 173.) Decided May 22, 1905.

Assumpsit by Adolph Stauber and Carl Stauber, co-
partners as the A. Stauber Manufacturing Company,
against James W. Ellett, principal, and Whitman E.
Clark and Willard W. French, sureties, on a bond.
There was judgment for plaintiffs, and defendants bring
error. Affirmed.

*George H. Arnold* and *B. E. & L. F. Andrews*, for
appellants.

*R. R. Pealer* and *George E. Miller*, for appellees.

BLAIR, J. This was an action brought to recover on a
bond executed by the defendants, conditioned as follows:

"The condition of this obligation is such: That where-
as the above named James W. Ellett, has been duly ap-
pointed by the aforesaid Company their salesman to
travel and sell goods as directed by them and during the
pleasure of the members of the said Company, and will

as agent obtain orders for the shipment of merchandise to divers parties, and will, as such agent, receive into his hands and possession money with which to pay his necessary traveling expenses while traveling in the interests of said Company; also merchandise and other property belonging to said Company and be bound to turn same over to the possession of said Company, or whomsoever they may direct, at their request immediately when called upon by them to do so, and also be required to furnish said Company an itemized account and statement of the money expended for traveling expenses, when requested by them to do so. The said Company will also advance to said principal money with which to pay the necessary traveling expenses and money the sum of $55 monthly for his personal use, and if by reason of said money so advanced and an insufficient amount of commissions earned by him, the account of said principal may be overdrawn, said principal shall be bound to pay to said Company whatever amount his account may be overdrawn, when called upon by said Company to pay same.

"It is understood, however, that the said principal or sureties shall not be held liable for any damage resulting to property on account of fire, loss in transportation, or other unavoidable accident, provided that due care and diligence is used on the part of said principal to prevent same.

"Now, therefore, if the said James W. Ellett shall well and faithfully perform all the duties imposed upon him as such agent and truly and correctly transmit to said Company all orders taken by him for said Company, as such agent, and shall have properly applied the money furnished him for traveling expenses, and shall have rendered to said Company an itemized statement of said traveling expenses, and shall deliver all the property belonging to the said Company to them or to whomsoever they may direct, and that said principal shall not be owing to said Company any money by reason of his account being overdrawn, then this obligation shall be null and void, otherwise to remain in full force."

Plaintiffs are manufacturers of pants and clothing specialties, and are located at Streator, Ill. Mr. James W. Ellett, one of the defendants, and the principal on the bond upon which this suit was brought, answered an advertisement of plaintiffs soliciting applications for travel-

ing salesmen for their manufactured product, and, after some correspondence between the plaintiffs and said Ellett, defendant Ellett visited the plaintiffs at their factory at Streator, Ill., and an arrangement was finally agreed upon a few days later; and October 22, 1901, the contract set forth in the declaration was drafted, and the date, as of that day, was affixed, and the contract, together with the bond, which was without date, were mailed to Ellett, at Three Rivers, Mich. Later the contract was returned to plaintiffs, signed by Ellett, accompanied by the bond on which suit was brought, and which was dated October 24, 1901, signed by all of the defendants. After the bond and contract had been executed and delivered to plaintiffs, the samples of their goods from which to make sales were sent Ellett, who proceeded to sell the plaintiffs' goods in different towns in southern Michigan. Plaintiffs, upon the receipt of the contract and bond, executed as stated, from time to time sent Ellett money, to the amount of $410, and Ellett sold goods for plaintiffs on which he was entitled to credit by way of commissions amounting to $97.77. All of the moneys that were paid Ellett by plaintiffs were paid during the months of November and December, 1901, and January, 1902. Ellett did no work for plaintiffs after January 25, 1902. Plaintiffs notified defendants Clark and French of default in the conditions of the bond and made demand for payment of amount due on February 6, 1902. Plaintiffs' declaration contained the common counts, and a special count setting forth the contract and bond in full. The defendant Ellett suffered judgment by default. The defendants French and Clark pleaded the general issue, and gave notice of want of consideration for the bond. After plaintiffs had rested their case, defendants' counsel asked leave to amend the notice under the general issue to set up fraud in obtaining the contract. Leave was granted to make such amendment, and court adjourned to the following morning for that purpose. The notice as amended contained the following allegations of

140 Mich.—18.

fraudulent representations, for which defendants claimed the right to recoup damages, viz. :

"That the said plaintiffs made certain false and fraudulent representations to said defendants above named and to James W. Ellett, one of the defendants in the above-entitled cause, as to the nature and extent of plaintiffs' business, and as to their goods and the salability of the same, and as to the amount that had been sold by any one man in the State of Michigan, and as to the nature and effect of the bond which they would require of him, and that the said plaintiffs herein, well knowing their statements and representations to be false and fraudulent, then and there by said false and fraudulent representations therein and thereby induced said James W. Ellett, the principal on the said writing obligatory, to enter their employ and make and execute the contract set forth in plaintiffs' declaration, and the bond therein mentioned."

Evidence of fraudulent representations offered by defendants under this amended notice was excluded by the court on the ground that the allegations were not sufficient to authorize such proof. A verdict was rendered in favor of plaintiffs, and the defendants bring the record to this court for review upon writ of error.

The assignments of error relied upon for a reversal of the judgment are: (1) That the court erred in admitting in evidence the contract, and in refusing to strike out the testimony of Carl Stauber, one of the plaintiffs, as to its date. (2) That the court erred in ruling that evidence of fraud was not admissible under the amended plea and notice. (3) The court erred in charging the jury, in substance, that the bond was conditioned, among other things, that Ellett should, whenever so requested by the plaintiffs, account to and turn over to the plaintiffs all moneys owing by him to plaintiffs by reason of his account with plaintiffs as plaintiffs' agent for sale of plaintiffs' goods being overdrawn, and that the only question was whether he was indebted to the plaintiffs, over and above the commissions earned by him, for moneys advanced to him by the plaintiffs for his legitimate and necessary traveling expenses and for his personal use.

1. Defendants' counsel objected to the admission of the contract in evidence "for the reason that it does not appear to be the contract set forth in the plaintiffs' declaration in his case." He also made a motion after its reception in evidence to strike out the evidence of Carl Stauber, showing that, while dated October 22d, it was sent to him and received by him on the same day as the bond dated October 24th. This motion was overruled, but, as no exception to the ruling appears in the record, the assignment cannot be considered. Since the contract offered was the identical contract set forth in the declaration, there was no error in receiving it, as against the objection first referred to.

2. Circuit Court Rule 7, subd. *c*, provides that, whenever fraud is relied upon as a defense against a written instrument, "the facts upon which such defense is based shall be plainly set forth in a notice added to the defendant's plea." Defendants' notice failed utterly of compliance with the rule. It contained no statement of any particular representation, and would have been quite as efficient in advising the plaintiffs of the charges they were to meet if it had contained the bald statement that they obtained the contract by fraudulent representations. Under such a notice the court correctly ruled that the evidence offered was inadmissible.

3. This assignment raises the question chiefly relied upon in defendants' brief. The want of consideration for the bond is argued to arise from the fact that the contract is dated October 22, 1901, and is set forth in the declaration without explanation or claim that it was not actually made upon that day, while the bond was, as set forth in the declaration, dated October 24, 1901; neither containing any reference to the other. It follows, therefore, it is claimed, that the rights of the parties were fully fixed and determined by the contract, as shown by the pleadings, before the bond was executed; that the defendant Ellett was under no obligation to give the bond, and already had, under his contract, all the rights which he had after giving the

bond; that he acquired nothing from giving the bond, and it was based upon no consideration whatever. We do not regard this contention as well founded. The letter from plaintiffs to defendant Ellett, dated October 10, 1901, introduced in evidence by defendants' counsel, notified him that he would be required to give a bond. The undisputed facts disclosed by the record show that defendant Ellett went to Streator, Ill., and settled upon the terms of the arrangement with plaintiffs; that, after agreeing upon the terms, Ellett left for Michigan, and plaintiffs prepared and forwarded to him, unsigned, the contract and bond in suit; that on a later day plaintiffs received the contract and bond by mail, properly executed by defendants, whereupon the contract was signed by plaintiffs, and is the only contract ever entered into between the parties. There was clearly as nearly a contemporaneous execution of the papers as possible between parties residing in different States, and the trial court was not in error in refusing to hold that there was no consideration for the bond.

4. The court instructed the jury that the liability of the defendants, if any, was to be determined by the bond, and not by the written contract, and, we think, gave them a correct interpretation of the bond and the question arising out of such interpretation for their consideration.

We find no errors in the record, and the judgment is affirmed.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.